# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REINALDO DIAZ                 :
2864 N. Marshall St.          :
Philadelphia, PA 19133      :
                               :     **CIVIL ACTION**
         Plaintiff,          :
     v.                        :     No.
                                 :
C&R BUILDING SUPPLIES, INC.    :     **JURY TRIAL DEMANDED**
1600 Washington Ave.       :
Philadelphia, PA 19146      :
         and                :
CAROSELLA & RUSSO        :
ENTERPRISES, INC.         :
1600 Washington Ave.       :
Philadelphia, PA 19146      :
                                :
         Defendants.       :
                                :

## CIVIL ACTION COMPLAINT

Plaintiff, Reinaldo Diaz (*hereinafter* referred to as "Plaintiff" unless otherwise indicated),

hereby complains as follows against the above-captioned Defendants.

## INTRODUCTION

1.      Plaintiff initiates the instant action to redress violations by Defendants of the

Americans with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*), the Pennsylvania Human

Relations Act ("PHRA"),[1] and Pennsylvania common law. As a result of Defendants' unlawful

actions, Plaintiff has suffered the damages as set forth herein.

---

[1] Plaintiff will move to amend the instant Complaint to include violations of the PHRA after full administrative exhaustion before the Pennsylvania Human Relations Commission. Such claims will identically mirror Plaintiff's federal claims asserted herein under the ADA.

## JURISDICTION AND VENUE

2.     This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under a law of the United States.  This Court may maintain supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims herein.

3.     This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.     Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (c)(2), because Defendants resides in and/or conduct business in this judicial district.

5.     Plaintiff is proceeding herein under the ADA and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a Notice of Right to Sue letter from the EEOC.

## PARTIES

6.     The averment of the foregoing paragraph is hereby incorporated by reference as if set forth fully herein.

7.     Plaintiff is an adult individual residing at the above-captioned address.

8.     Defendants are companies located at the above-captioned address engaged in supplying building materials such as lumber, paint, windows, flooring and cabinets.

2

9.     Each Defendant is identified as being headquartered at the same address as in the above-caption of this Complaint with the Secretary of State. Furthermore, Defendant Carosella & Russo Enterprises, Inc. appears on Plaintiff's worker's compensation paperwork and "C&R Building Supply" is the name that is advertised on Defendants' website.

10.     Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11.     At all times relevant herein, Defendants acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Plaintiff worked for Defendants for approximately 11.5 months as a fork-lift operator and a yard loader.

14.     During the last approximate 1.5 months of his employment with Defendants, Plaintiff began to suffer from certain health conditions, including but not limited to hernia-related issues, which resulted from a work-related injured injury in or about April of 2015.

15.     Plaintiff's aforesaid health conditions, at times, prevented Plaintiff from engaging in some daily life activities, including but not limited to lifting, pushing, pulling, and performing other manual tasks.

16.     Despite Plaintiff's aforesaid health conditions and limitations, Plaintiff was still able to perform his job well with Defendants; however, at times, Plaintiff required reasonable accommodation (discussed further *supra*).

17.     Plaintiff reported his aforesaid work-related injury to Defendants' management, including but not limited to his supervisor, Bob (last name unknown), in or about April of 2015 and thereafter, Plaintiff was sent to the hospital by Defendants.

18.     After sustaining his work-related injury in April of 2015, Plaintiff requested a few days off from work to care for and treat for his aforesaid health conditions (a reasonable accommodation).

19.     Upon his return to work in or about May of 2015, Plaintiff requested (via a doctor's note) the ability to be placed on light-duty work, as he had lifting restrictions (again, a reasonable accommodation).

20.     Plaintiff remained on light duty until his termination in or about June of 2015 (discussed further *infra*).

21.     Further, upon his return to work in or about May of 2015, Plaintiff requested worker's compensation through Defendants' management. In response to Plaintiff's request for worker's compensation, Defendants' management, including but not limited to Bob, subjected him to derogatory questioning about his health conditions and attempted to coerce Plaintiff into admitting that he was injured off the job.

22.     For example, Bob would continuously ask Plaintiff whether he was "sure that [his] injury was work-related," whether he was "sure that [he] was injured on the job," and whether he was "sure that [he] didn't injure himself at home."

23.     Defendants' management also refused to provide Plaintiff with any worker's compensation paperwork and asked Plaintiff whether he had health insurance to pay for the medical bills related to his aforesaid health conditions/work-related injury.

24.     The above-described hostility and animosity continued throughout Plaintiff's employment, as Plaintiff made several requests for worker's compensation (including shortly before his termination) and his requests were always met with questions about where, when, and how Plaintiff began suffering from his work-related injury/health conditions. This questioning ensued despite the fact that Plaintiff already told Defendants' management (multiple times) that he was injured on the job.

25.     On or about June 22, 2016, in close proximity to (1) apprising Defendants' management of his aforesaid health conditions; (2) requesting reasonable accommodations in the form of time off and light duty; and (3) requesting worker's compensation benefits, Plaintiff was terminated from his employment with Defendants for completely pretextual reasons.

26.     Plaintiff believes and therefore avers that he was subjected to a hostile work environment and eventually terminated from his employment with Defendants because of his actual/perceived and/or record of disabilities.

27.     Plaintiff also believes and therefore avers that he was terminated from his employment with Defendants in retaliation for seeking worker's compensation benefits.

28.     After Plaintiff's termination, he continued to seek treatment for his aforesaid health conditions, including but not limited to undergoing surgery.

**First Cause of Action**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Hostile Work Environment; [3] Retaliation)**
**-Against Both Defendants-**

29.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.     Plaintiff is proceeding herein under the ADA and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a Notice of Right to Sue letter from the EEOC.

31.     Defendants employed fifteen (15) or more employees for each working day in each of the 20 or more calendar weeks in the current or preceding calendar year.

32.     Plaintiff requested accommodations for his health conditions (discussed *supra*) including, but not limited to time off from work and light duty work.

33.     Plaintiff experienced increased hostility from Defendants' management after (1) apprising Defendants of his health conditions/work-place injury; (2) his request for reasonable accommodations; and (3) during the time Plaintiff was on light duty.

34.     For example, Plaintiff was subjected to continuous, severe, and pervasive comments about his health conditions and/or perceived health conditions (as discussed *supra*), and Defendants' management continuously attempted to coerce Plaintiff into admitting that his work-related injury occurred outside of work.

35.     Plaintiff believes and therefore avers that he was terminated from Defendants because of: (1) his actual and/or perceived health problems; (2) his record of impairment; and/or (3) his requested accommodations (which constitutes unlawful retaliation under the ADA).

36.     These actions as aforesaid constitute violations of the ADA, as amended.

6

**Second Cause of Action**
**<u>Violation of the Pennsylvania Common Law</u>**
**(Public Policy Violation – Worker's Compensation Retaliation)**
**-Against Both Defendants-**

37.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.     Upon information and belief, Plaintiff was terminated in substantial part for making a claim for worker's compensation benefits and/or seeking worker's compensation benefits and/or for his work-related injuries (as discussed *supra*).

39.     It is against Pennsylvania's public policy for an employee to be terminated for making a worker's compensation claim and/or seeking workers' compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.,* 584 Pa. 297, 883 A.2d 511, 516 (2005).

40.     The mere temporal proximity between Plaintiff seeking worker's compensation and his termination creates an inference that his termination was in retaliation for seeking worker's compensation benefits.

41.     Additionally the exhibited hostility from Defendants' management after Plaintiff sought worker's compensation benefits (including but not limited to negative comments made by Defendants' management regarding Plaintiff injury) creates an inference that his termination was in retaliation for making such a claim and/or seeking such benefits.

42.     These actions as aforesaid constitute wrongful termination in Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:      _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: September 22, 2016

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Reinaldo Diaz | : | CIVIL ACTION |
| v. | : | |
| C&R Building Supplies, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X )

| | | |
|---|---|---|
| 9/22/2016 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2864 N. Marshall Street, Philadelphia, PA 19133

Address of Defendant: 1600 Washington Ave, Philadelphia, PA 19146

Place of Accident, Incident or Transaction: Defendants place of business
                                             (Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?                                          Yes☐  No☒
RELATED CASE, IF ANY:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                        Yes☐  No☐

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated
    action in this court?                                                                               Yes☐  No☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously
    terminated action in this court?                                                                    Yes☐  No☐

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                                        Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf , counsel of record do hereby certify:
  ☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of
$150,000.00 exclusive of interest and costs;
  ☐ Relief other than monetary damages is sought.

DATE: 9/22/2016 _____   _____        ARK2484
                                          Attorney-at-Law              Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court
except as noted above.

DATE: 9/22/2016 _____   _____        ARK2484
                                          Attorney-at-Law              Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DIAZ, REINALDO

**DEFENDANTS**
C&R BUILDING SUPPLIES, INC., ET AL.

(b) County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine | Injury Product | | | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Relations | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Leave Act | | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| | Medical Malpractice | | ☐ 791 Employee Retirement | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | | ☐ 550 Civil Rights | Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Americans w/Disabilities Act "ADA" (42USC12101)
Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   9/22/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Print   Save As...   Reset